ROGERS, Justice
 

 (concurring).
 

 The City of New Orleans, impleaded the New Orleans Public Service, Inc., as its principal and not as its warrantor. No objection was made by the Public Service, Inc., to the city’s demand that it be made a codefendant, and it joined the city in defending the suit.
 

 In entering into the contract with H. W. Bond & Brother for the repaving of Canal street, the city acted in a dual capacity. It acted for its own account so far as the pavement of the sidewalks was concerned, and it acted for account of the Public Service, Inc., so far as the paving of the' neutral ground was concerned.
 

 Under its agreement with the city, the Public Service, Inc., as a franchise grantee, recognized its obligation to repave the neutral ground. Hence it is not important to determine whether that obligation arose under .a legislative act or under a municipal ordinance.
 

 In the discharge of its obligation, the Public Service, Inc., authorized the city to contract for its share of the paving and agreed to pay its share of the cost. No restrictions were imposed upon the city by the mandate. The Public Service, Inc., in designating the city as its agent for procuring the repaving of the neutral ground conferred upon the city the power to do everything necessary for the reasonable carrying out of the agency thus created. It did not prescribe that the city engineer should be the final arbiter of any dispute that might arise over the plans and specifications, but left to the city the discretionary right to make any reasonable agreement required-for the discharge of its obligation.
 

 The Public Service, Inc., knew that in the execution of the paving project the brass strips would be required and would have to be paid for. When the city agreed to pay the contractors for these strips if the courts should decide its obligation to pay for the paving included payment for the strips, it bound the Public Service, Inc., to do likewise.
 

 The Public Service, Inc., admits that the amount charged by the contractors for furnishing and installing the brass strips is reasonable. And it does not dispute that it received the benefit of the contractors’ materials and work. In these circumstances it would be wholly inequitable to relieve it of the obligation to pay therefor. I therefore concur in the decree.